IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

CHELSEY FORREST,

    Plaintiff,

v.

FOODLINER, INC.,
CEVA FREIGHT, LLC d/b/a CEVA
LOGISTICS, and MID-CENTURY
INSURANCE COMPANY

    Defendants.

CIVIL ACTION

No.: 5:20-CV-00270

## ORDER

Pending before this Court is Defendant, Foodliner, Inc.'s ("Foodliner") Motion for Determination of Good Faith Settlement. The Court, having reviewed the Motion, and seeing no objection to the Motion, hereby finds that the said Motion should be and hereby is GRANTED. The Court hereby makes the following findings of fact and conclusions of law:

Plaintiff in this case, Chelsey Forrest, has asserted claims against Defendant, Foodliner, and others, to recover for damages she alleges to have sustained as a result of a multi-vehicle accident that occurred on or about March 8, 2018 in Beckley, Raleigh County, West Virginia.

Plaintiff and Foodliner have reached a confidential settlement of Plaintiff's claims against Foodliner.

### CONCLUSIONS OF LAW

1.    In West Virginia, settlements between a plaintiff and a settling defendant are presumed to be in good faith. See Syl. Pt. 5 <u>Smith v. Monongahela Power Co.</u>, 429 S.E.2d 643 (W. Va.1993).

2. Further, "[a] party to a civil action who has made a good faith settlement with the plaintiff prior to a judicial determination of liability is relieved from any liability for contribution." Board of Education. etc. v. Zando, Martin & Milstead, Inc., 390 S.E.2d 796 (W. Va.1990).

3. A good faith settlement between a plaintiff and defendant will also extinguish the right of a non-setting defendant to seek implied indemnity from the settling defendant. See Hager v. Marshall, 505 S.E.2d 640 (W. Va. 1998); see also Schoolhouse LLC v. Creekside Owners Ass'n, 2014 W. Va. LEXIS 559, 2014 WL 184829 (W. Va. May 8, 2014).

4. The Court hereby concludes that the settlement between Plaintiff and Foodliner is a Good Faith Settlement under West Virginia law, and serves to extinguish any and all third-party claims and/or cross-claims for contribution and/or implied indemnity that have been and/or could be asserted against Foodliner, Inc., or its driver, Paul McNair, relative to the claims asserted by Chelsey Forrest arising from the March 8, 2018 accident.

IT IS SO ORDERED.

Entered this ___26___ day of ___March___, 2021.



Frank W. Volk
United States District Judge